The defendant was charged with the larceny of a pair of shoes, the property of Joshua Brooks.
Henry Brooks, a witness for the State, testified that a pair of ladies' shoes, the property in question, were taken from the shop of William Brooks Sons, by some person, to him unknown; that the firm of William Brooks 
Sons was composed of William Brooks, Joshua Brooks and himself. On cross-examination, the witness stated that the shoes belonged to one Hagler; that Hagler had furnished the leather and William Brooks Sons had made the shoes for him; the firm had no property or claim upon them except that they were in the possession of the firm when taken, and a lien upon the shoes for making them.
The counsel for the defendant requested the court to charge the jury: That if they believed the testimony of Brooks, the shoes were the property of Hagler and the defendant must be acquitted.
The court declined to give the instruction, and charged the jury: That if they believed Henry Brooks, the property was properly laid in Joshua Brooks as a bailee.
To the refusal of his Honor to charge as requested, and to the charge of his Honor as above set forth, the defendant excepted. (273)
The jury returned a verdict of guilty, and the defendant moved for a new trial. The motion was overruled; the defendant then moved in arrest of judgment, alleging a variance between the allegata and the probata. Motion overruled by the court, and defendant appealed.
The probata does not correspond with the allegata, and that is always fatal. If one is charged with stealing the property of A, it will not do to prove that he stole the joint property of A and B.
It was not strictly regular to take the objection after verdict on a motion in arrest of judgment; it ought to have been taken on the trial; but still we see from the record that there was a fatal variance between the charge and the proof, and that the defendant ought not to have been convicted. And therefore there was error.
There is error.
PER CURIAM. Venire de novo.
Cited: S. v. Allen, 103 N.C. 435. *Page 214 
(274)